**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOHN PAUL WALLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-411-JHP-TLW** |
| | ) | |
| **STANLEY GLANZ, Sheriff;** | ) | |
| **K. TAYLOR; KATHY LOEHR;** | ) | |
| **DUSTIN POWERS; JANE DOE # 1,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On July 9, 2013, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). When he filed his original complaint, Plaintiff was in custody at the David L. Moss Criminal Justice Center (DLMCJC), the facility serving as the Tulsa County Jail. Plaintiff is presently in custody of the Oklahoma Department of Corrections (DOC).

A review of the record reveals the following activity: by Order filed August 12, 2013 (Dkt. # 6), the Court granted Plaintiff's motion to proceed in forma pauperis, directed him to pay an initial partial filing fee of $28.73, and directed him to file an amended complaint on or before September 13, 2013. On August 19, 2013, the Clerk received a letter from the Tulsa County Sheriff's Office (Dkt. # 9) confirming that, on August 6, 2013, Plaintiff had been transported to DOC custody. On September 25, 2013, Plaintiff filed an amended complaint (Dkt. # 14). Thereafter, on October 15, 2013, Plaintiff filed a motion for extension of time to file an amended complaint and to pay the initial partial filing fee (Dkt. # 16). On October 16, 2013, Plaintiff filed his second amended

complaint (Dkt. # 17). On October 18, 2013, Plaintiff paid an initial partial filing fee of $44.73. On October 25, 2013, Plaintiff filed a motion requesting reduction in the amount of his monthly partial filing fee (Dkt. # 22).

For the reasons discussed herein, the Court finds Plaintiff's motion to reduce the monthly filing fee payment shall be denied. Further, the second amended complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

***PRELIMINARY CONSIDERATION***

In his motion to reduce the amount of his monthly partial filing fee, Plaintiff explains that he currently has two civil cases pending in federal court: this case and a case pending in the Eighth Circuit Court of Appeals. See Dkt. # 22. As a result, Plaintiff states that he is being required to pay a total of 40% of his monthly income in federal court partial filing fees. Id. The federal statute governing proceedings in forma pauperis, 28 U.S.C. § 1915, provides that "20 percent of the preceding month's income credited to the prisoner's account" shall be forwarded "to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). Nothing in the statute contemplates reduction of the monthly percentage when a plaintiff has more than one case pending at a given time. Plaintiff's motion for reduction of the percentage of his monthly income deducted for payment of the filing fee is denied.

***BACKGROUND***

In the "Nature of Case" section of his second amended complaint, Plaintiff states as follows:

> When booked in, Defendant Taylor informed me that the medication I was/am prescribed is not dispensed at Tulsa County Jail facility. She failed to refer me to the doctor of medicine or mental health for a . . . resolution to this occurance [sic]. No alternate medication was offered to replace the medication I was/am prescribed as an on-going treatment plan. After informing me I must request to mental health myself to resolve this matter rather than entering this referral on her

> own computer, I was housed in a general population pod and celled with Marquis Deavers, Federal inmate and violent convict.
>
> This was done without any regard for withdrawals or physical problems that could occur to a newly booked inmate with a drug charge and on-going treatment from an outside physician. Kiosk requests to mental health were responded to by Kathy Loehr. These responses were met with resistance and stall tactics. The result being that it took well over 5 weeks to be seen by a psyciatrist [sic] and prescribed an alternative treatment plan.
>
> During this time I was attempting to heal from injuries sustained from an altercation that occurred within the first week of incarceration. Repeated requests to sick call were met with a pain medication what was insufficient and refusals to be put on the list to see a doctor for a follow up of my injuries. Defendant Dustin Powers was the second sick call nurse to see me. He informed me that an emergency case was all the doctor was seeing and that due to overcrowding, it would take 30 days or longer to be seen. He assured me twice that I was on the list.

See Dkt. # 17 at 2, 6. Based on those allegations, Plaintiff identifies three causes of action, as follows:

> Count I: At the point of initial entry into David L. Moss facility all inmates are seen by K. Taylor the intake nurse. I was informed by her that the medication I've been prescribed is not dispensed at David L. Moss.
>
> Count II: Regardless of any withdrawals I may experience from stopping my medication, I was housed in a general population unit with a known violent offender as "cellie."
>
> Count III: Denial of emergency care or follow up care for injuries sustained by being housed with a violent offender. As well as denial of mental health care, initially.

Id. at 2-3. In his request for relief, Plaintiff asks for "$15,000.00 for my suffering and injuries sustained as well as enough to cover any future expenses due. As well I want the employees to consider each inmate as a personal case and not let deliberate indifference cause any more suffering." Id. at 3.

***ANALYSIS***

**A. Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Context is particularly critical to this determination with respect to prisoner litigation. See Gee v Pacheco, 627 F.3d 1178, 1185 (10th Cir. 2010) ("[A] prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts."). Prisoners' constitutional rights "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)).

A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Twombly, 550 U.S. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that

is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Plaintiff's claims**

**1. Denial of adequate medical care**

In Count I of his second amended complaint (Dkt. # 17 at 2), Plaintiff complains that, when he was booked in at DLMCJC, he was not provided one of his prescription medications. He does not identify what the prescribed medication was or what condition or disease the medication treated. He simply alleges that Defendant Taylor, the intake nurse, told him that the medication was not dispensed at DLMCJC. Id. In Count III, Plaintiff alleges that he was denied emergency and follow-up medical care after he sustained injuries during an altercation with his cell mate. Id. at 3. He also

complains that he was initially denied mental health treatment. Yet, Plaintiff fails to describe his alleged injuries. Id.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the acts alleged. A pretrial detainee's right to receive adequate medical care is protected by the Due Process Clause of the Fourteenth Amendment. Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.6 (10th Cir. 2001); Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Even though the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard nonetheless provides the benchmark for such claims. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted); see also Henderson v. Glanz, 2012 WL 5931546 (N.D. Okla. Nov. 27, 2012) (unpublished)[1] ("Because the protections extended to pretrial detainees under the Fourteenth Amendment are at least as broad as those extended to inmates under the Eighth Amendment, the Court need only analyze whether Plaintiff has stated a plausible claim for relief under the Eighth Amendment.").

To assert an Eighth Amendment claim, a plaintiff must satisfy a two-prong test – an objective component showing that the deprivation suffered or the conduct challenged was "objectively sufficiently serious," and a subjective component showing that the defendant had a sufficiently culpable state of mind or was "deliberately indifferent" to the inmate's safety. Farmer, 511 U.S. at

[1]This unpublished opinion is cited for persuasive value. See 10th Cir. R. 32.1(A).

834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991); Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir. 1985). "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer, 511 U.S. at 827; Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The objective element is satisfied "if the condition has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Oxendine, 241 F.3d at 1276 (internal quotations omitted). The subjective element is satisfied when a plaintiff shows that the defendant was subjectively aware of a substantial risk of serious harm to an inmate but failed to take steps to alleviate the risk. Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. See Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In Sealock v. Colorado, 218 F.3d 1205 (10th Cir. 2000), the Tenth Circuit recognized two types of conduct that may constitute deliberate indifference in a prison medical case: (1) absent negligence, a medical professional failing to treat a serious medical condition properly; and, (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition. Id. at 1211; see also Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Oxendine, 241 F.3d at 1277 n.7

(internal citations and quotation marks omitted). Furthermore, a delay in medical care constitutes a constitutional violation only where the plaintiff can show that the delay resulted in substantial harm. Id. at 1276.

In this case, Plaintiff's claims of inadequate medical care as asserted in the second amended complaint are simply too vague to proceed. As to his Count I claims, Plaintiff fails to identify the prescription medication he was not provided at DLMCJC, when the denial took place, and the mental or psychiatric condition being treated with the prescription medication. As to his Count III claims, Plaintiff fails to describe the injuries he allegedly sustained during the altercation with his cell mate. Further, as to either Count I or Count III, Plaintiff fails to allege facts suggesting that any defendant acted with deliberate indifference. As a result, nothing in the second amended complaint suggests that any defendant was deliberately indifferent to a serious medical need. In addition, Plaintiff fails to identify any harm that has resulted from delay in obtaining either medical or psychiatric treatment during his incarceration at DLMCJC. For all of those reasons, Counts I and III shall be dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Failure to protect**

In Count II, Plaintiff claims that he was housed with a "known violent offender" without regard for his own safety and security. See Dkt. # 17 at 3. The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to protect inmates from violence at the hands of other prisoners. Farmer, 511 U.S. at 833. Pretrial detainees are entitled to the same protection regarding prison conditions under the Due Process Clause as convicted prisoners are afforded under the Eighth Amendment. Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir.

1992). To establish an Eighth Amendment violation based on an official's failure to protect, the inmate must show that (1) the alleged deprivation is objectively, "sufficiently serious," meaning the inmate "is incarcerated under conditions posing a substantial risk of serious harm" and (2) the prison official acted with "deliberate indifference," meaning the official knew of and disregarded an excessive risk to the inmate's safety. Farmer, 511 U.S. at 834, 837; Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008). "In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted).

In this case, Plaintiff's factual allegations, as asserted in the second amended complaint, are inadequate to state a constitutional claim. Plaintiff's conclusory allegation that he was housed with a "violent convict" is inadequate to suggest that any defendant could draw the inference that a substantial risk of serious harm existed. Further, nothing provided by Plaintiff suggests that any defendant drew the inference that Plaintiff was at substantial risk of serious harm. The Court finds that the facts alleged by Plaintiff fail to rise to the level of a constitutional violation. For that reason, Count II of his second amended complaint fails to state a claim upon which relief may be granted and shall be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**3. Request for injunctive relief is moot**

Lastly, the Court also notes that plaintiff is no longer in the custody at DLMCJC, yet he seeks injunctive relief to "not let deliberate indifference cause any more suffering." See Dkt. # 17 at 3. To obtain declaratory or injunctive relief under § 1983, plaintiff must show that the conduct sought to be prohibited will likely occur again and that it will cause him harm. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). The Tenth Circuit has held that "while a plaintiff who has been

constitutionally injured can bring a § 1983 action to recover damages, that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991). In this case, nothing suggests that Plaintiff may imminently be returned to DLMCJC. Therefore, any claim for injunctive relief has been rendered moot.

**C. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed in forma pauperis. In addition, his second amended complaint fails to state a claim upon which relief may be granted. As a result, the second amended complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**D. Filing fee obligation**

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the balance owed on the filing fee for this case. See 28 U.S.C. § 1915(b). As of today's date, the balance owed is **$305.27**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to reduce monthly filing fee payment (Dkt. # 22) is **denied**.

2. Plaintiff's second amended complaint (Dkt. # 17) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. Plaintiff remains obligated to pay in monthly installments the balance owed on the filing fee for this case.

5. A separate judgment shall be entered in this matter.

DATED THIS 7th day of January, 2014.

James H. Payne
United States District Judge
Northern District of Oklahoma